SIDNEY S. VARDEN, HIGHWAY COMMISSIONER, v. JAMES
H. RITCHIE.

*Highways—Trespass—Declaration.*

Where the declaration in an action of trespass prosecuted under
How. Stat. § 1371, for an encroachment upon a highway,
describes the highway and the encroachment, which encroach-
ment as described is not in said highway as described, to
which declaration the defendant pleads the general issue, with
a denial of any encroachment upon the highway as described
in the declaration, the defect is fatal to the plaintiff's recov-
ery.

Error to Huron. (Beach, J.)  Argued May 15, 1891.
Decided May 21, 1891.

Trespass for encroaching on a highway.  Defendant
brings error.  Reversed, and judgment entered for defend-
ant for costs of both courts.  The facts are stated in the
opinion.

*Charles L. Hall,* for appellant.

*John F. Murphy (E. F. Bacon,* of counsel), for plaint-
iff, contended:

1. The question of the sufficiency of the declaration was not raised
on the trial or ruled upon by the court, and the defendant
cannot take advantage of such objection at this time; citing
*Burke v. Wilber,* 42 Mich. 327; *Cook v. Perry,* 43 Id. 623.

LONG, J.  This is an action of trespass brought by the
plaintiff as highway commissioner, under section 1371, How.
Stat., to recover the statutory penalty from the defendant
for an encroachment on the highway.

The cause was tried before the justice, and defendant had judgment, which was reversed in the circuit court of Huron county, and judgment entered for plaintiff for 50 cents penalty and costs. Defendant brings error.

The defendant pleaded the general issue, and gave notice that he wholly denied any encroachment upon the highway, as described in plaintiff's declaration. The declaration is set out in the record, and describes the highway and encroachment thereon. The highway is described as beginning at the corner of sections 10, 11, 14, and 15, in said township, and thence north along the section line to the Sand Beach and Sebewaing State road, while the encroachment is described as commencing at these section corners, and extending south twelve rods; that is, that the defendant maintained a fence south of the point where the highway is described as commencing. This is a fatal defect, and no recovery should have been permitted in the court below.

The judgment of the court below must be vacated, and judgment entered for defendant in this Court for costs of both courts.

The other Justices concurred.